996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter J. PRYOR, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-1220.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Peter Jefferson Pryor appeals from dismissal of his complaint seeking refund of a partially paid penalty assessed for filing a frivolous federal income tax return. 26 U.S.C. § 6702. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 On appeal, plaintiff argues that the district court erred in upholding the frivolous return penalty and in dismissing his claim for damages for violation of his constitutional rights. He also urges us to deny the government's request for sanctions for his filing a frivolous appeal. We review de novo the district court's application of the law. Pollei v. Commissioner, 877 F.2d 838, 839 (10th Cir.1989).
 
 
 4
 Plaintiff claimed a $39,382.01 deduction on his 1988 federal income tax return for loss due to "casualty or theft." Schedule A to that return listed additional deductions of $76,286.92 for "casualty or theft loss" and $39,312.00 as a "tax preparation expense." Plaintiff included a notarized statement with the return to explain these deductions, all of which are based upon plaintiff's labor and time expended in tax preparation. The I.R.S. assessed plaintiff a $500 penalty for filing a frivolous return.[1] Plaintiff contested the penalty but his claim for refund was ultimately denied. Plaintiff then initiated this action seeking recovery of that portion of the penalty paid in order to contest the assessment, 26 U.S.C. § 6703(c), and $30,000 in damages for violation of his constitutional rights.
 
 
 5
 In challenging the penalty, plaintiff argues that the Sixteenth Amendment is unconstitutional and that the IRS tampered with his return in order to assess the penalty. Alternatively, plaintiff asserts that even if he had made the statements regarding his wages and taxes that appear on the notice of penalty, those statements were protected by the First Amendment. We rejected plaintiff's Sixteenth Amendment argument in an earlier appeal, Pryor v. United States, No. 90-1237 (10th Cir. Feb. 19, 1991), as well as his argument that he is entitled to a deduction for his personal labor or time to prepare his tax return. Pryor v. Commissioner, No. 91-9011 (10th Cir. Dec. 31, 1991).
 
 
 6
 The district court held an evidentiary hearing on the tampering issue. After listening to the evidence and reviewing exhibits, the district court found that the government had not altered plaintiff's tax return. Plaintiff refers us to nothing in the record of that hearing upon which we might conclude that this finding is clearly erroneous. Fed.R.Civ.P. 52(a). The district court correctly concluded that the penalty was assessed because plaintiff's deduction was patently frivolous. The assessment is not invalid as the result of any constitutional infirmity, government tampering with plaintiff's return, or disallowance of a proper deduction.
 
 
 7
 As to plaintiff's claim for damages for an alleged violation of his constitutional rights, the district court concluded this claim was not actionable. We have reviewed the record and briefs and agree with the analysis of the district court in its order of May 5, 1992, granting partial summary judgment against plaintiff on this claim. The district court correctly dismissed that portion of plaintiff's complaint.
 
 
 8
 We also hold that the instant appeal is frivolous. Plaintiff's arguments on the merits of his claim for deductions and his constitutional arguments on the Sixteenth Amendment have been rejected already by this court in prior appeals. Pryor v. Commissioner, No. 91-9011 (10th Cir. Dec. 31, 1991), and Pryor v. United States, No. 90-1237 (10th Cir. Feb. 19, 1991). In neither appeal was plaintiff sanctioned, but relitigation must end at some time. Therefore, we grant the government's request and assess attorney's fees in the amount of $1,500 in favor of the government. Because we understand plaintiff has not paid $500 in sanctions previously assessed against him in 1986, see Brief for the Appellee 22 n. 14, we direct that the Clerk of this court reject any further appeals filed by plaintiff against the United States, its agencies or officials unless plaintiff attaches satisfactory evidence showing that he has satisfied all outstanding sanctions levied by this court against him in favor of the United States or its agencies.
 
 
 9
 It is so ordered.
 
 
 10
 AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although the notice of penalty incorrectly stated the basis for the assessment, we will uphold it if it is proper under any legal theory. Helvering v. Gowran, 302 U.S. 238, 245 (1937)