**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER J. PRYOR,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 03-1294
(D.C. No. 01-ES-2006 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO** and **O'BRIEN**, Circuit Judges.

Peter J. Pryor, proceeding pro se, appeals from a district court order

dismissing his suit requesting tax refunds for failure to state a claim upon which

relief can be granted. Pryor challenges his income tax liabilities, inter alia, on the

ground that legislation proposing the Sixteenth Amendment to the United States

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Constitution is unconstitutional. Without reaching the merits of Pryor's claim we **DISMISS** for failure to pay sanctions previously imposed by this court.

We have sanctioned Pryor in two previous tax cases. In <u>Pryor v. Comm'r, of Internal Revenue</u>, No. 85-2938, slip op. at 3 (10th Cir. Dec. 2, 1986) (tax year 1980), we imposed a sanction of $500 against Pryor for bringing a legally frivolous appeal. Seven years later, in <u>Pryor v. United States</u>, we assessed attorneys' fees in the amount of $1,500 in favor of the Government and directed that "the Clerk of this court reject any further appeals filed by plaintiff against the United States, its agencies or officials unless plaintiff attaches satisfactory evidence showing that he has satisfied all outstanding sanctions levied by this court against him in favor of the United States or its agencies." No. 92-1220, 1993 WL 213817, at **2 (10th Cir. June 14, 1993) (tax year 1988).

According to the Government, as of April 2004, the Department of Justice's Tax Division has no record that Pryor paid the $500 sanction imposed on him in 1986.[1] Pryor's proffer of documents stating he paid in full all tax, penalties, and interest for tax year 1980 and his claim that the $500 sanction was included as a statutory addition to taxes levied for that year do not persuade us that the $500 sanction was paid. We also note that we have previously dismissed

---

[1] The Government states that the records of the Department of Justice's Tax Division show that Pryor has paid the $1,500 in attorneys' fees imposed on Pryor in 1993.

an appeal because Pryor failed to prove that the same sanction at issue in this case—the $500 sanction imposed in 1986—had been paid.  See Pryor v. Comm'r of Internal Revenue, No. 94-9020, slip op. at 2 (10th Cir. June 6, 1995).

Pursuant to our June 14, 1993 order, because Pryor has failed to present satisfactory evidence showing that he paid the $500 sanction imposed in Pryor, No. 85-2938, this appeal is **DISMISSED**.   Pryor's motion to order the Government to supplement its response is **DENIED**.  His motion requesting that we vacate and refund the sanction imposed in Pryor, 1993 WL 213817, and his motion requesting that we vacate our order and judgment in Pryor v. United States, No. 90-1237, slip op. (10th Cir. Feb. 19, 1991), are also **DENIED**.  At this point we decline to sanction Pryor for maintaining a frivolous appeal pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1912, and instead redirect the clerk to reject any further appeals filed by Pryor against the United States until such time that he shows he has satisfied all outstanding sanctions levied by this court.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge